OPINION
Jerry L. Smith appeals from his conviction of Aggravated Vehicular Homicide in the Clark County Common Pleas Court.
The record established that on September 26, 1999, Smith drove his car off a road in Clark County and struck a tree killing the passenger, Steven Ferryman. Smith was driving his car at a high rate of speed and while under the influence of alcohol.
Smith entered a plea of guilty to the charges on June 8, 2000 and the court referred the matter for a pre-sentence investigation. On July 11, 2000, the court imposed a maximum sentence of five years imprisonment upon the defendant and revoked his driver's license for life. The court noted that Smith had four prior convictions for driving while under the influence and other criminal convictions.
In a single assignment of error, Smith contends the trial court erred in failing to bring into court at the time of sentencing the family of the victim as well as his family. Smith notes in his brief that the victim was the maternal uncle of the defendant. Smith notes that his mother and his mother's sister (sisters to the victim) were in the courthouse at the time of the sentencing and wished to be heard by the court in regard to the sentencing of the defendant.
R.C. 2930.14(A) provides that, "before imposing sentence upon a defendant for the commission of a crime, the court shall permit the victim of the crime to make a statement." Pursuant to R.C. 2930.14(B) this statement shall be considered by the trial court along with other factors that the court is required to consider in imposing sentence.
The purpose of a victim impact statement is to help inform the trial court of the actual harm inflicted upon the victim and the victim's family by the crime. Under Ohio Revised Code Section 2930.19(C) the failure of any person or entity to provide a right, privilege, or notice to a victim under this chapter does not constitute grounds for declaring a mistrial or a new trial, for setting aside a conviction or sentence, or for granting post conviction release to a defendant. It is also noteworthy, that Smith was represented by counsel at the time of the sentencing and neither counsel nor the defendant requested that the victim's relatives be permitted to speak on his behalf. (See Tr. 5 Disposition). The assignment of error must be overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and YOUNG, J., concur.